**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CHARLES ANDRE HINCH (#N-73844), | ) |
| Plaintiff, | ) |
| v. | ) No. 15 C 9316 |
| MICHAEL O'CONNOR, | ) Judge Rebecca R. Pallmeyer |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Charles Andre Hinch, a prisoner at Jacksonville Correctional Center, brought this *pro se* civil rights action under 42 U.S.C. § 1983 against Romeoville Police Officer Michael O'Connor, alleging that O'Connor used unreasonable force to effectuate his arrest on November 28, 2013. Before the court is Defendant's motion to dismiss Hinch's complaint as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). For the reasons set forth below, Defendant's motion is granted in part and denied in part.

## BACKGROUND

On November 28, 2013, Hinch encountered Police Officers Michael O'Connor and Scott Stutler outside a Kohl's Department Store in Romeoville, Illinois. (*See generally* Amended Complaint ("Am. Compl.") [9].) The encounter resulted in Hinch's arrest as well as injuries to Stutler and Hinch. (*Id.* at 10-11;[1] Hr'g Tr., Aug. 1, 2014, Ex. C to Def.'s Mem. in Supp. of Mot. to Dismiss ("Ex. C, Aug. 1 Hearing") at 10, [28-1] at 28.[2]) It also resulted in Hinch's conviction for aggravated battery stemming from his driving a vehicle while Stutler's arm was trapped in the door of the vehicle. (Bill of Indictment, Ex. A to Def.'s Mem. in Supp. of Mot. to Dismiss ("Ex. A,

---

[1] Plaintiff's Complaint uses non-consecutive page numbers. The court refers to the Complaint using consecutive page numbers, which do not always match the non-consecutive page numbers on some pages of the Complaint.

[2] Multiple exhibits are filed under this docket number. The court refers to page numbers of both each exhibit and the filing itself.

Indictment") at 1, [28-1] at 1; Plea of Guilty, Ex. B to Def.'s Mem. in Supp. of Mot. to Dismiss ("Ex. B, Guilty Plea") at 1, 6, [28-1] at 8, 13.)

Hinch filed this federal lawsuit nearly two years later, alleging that Defendant O'Connor used unreasonable force in effectuating his arrest. Hinch alleges that he did not know that Stutler was a police officer at the time of the encounter and in fact believed that Stutler was a robber. (Am. Compl. at 7-8.) Hinch claims that he drove his neighbor to the Kohl's store and dropped the neighbor off near the store's entrance, parked the car some distance away, and waited in the car. (*Id*. at 5, 6.) About twenty minutes later, Hinch saw the neighbor exit the store and walk toward the car, but Hinch then briefly lost sight of the neighbor. (*Id.* at 6-7.) In the meantime, the neighbor had become embroiled in an altercation with a man Hinch did not recognize. (*Id.* at 7.) Hinch's neighbor reappeared and flung open the passenger door of the car, continuing his struggle with the unidentified man, who became "wedged" in the passenger door. (*Id.* at 7-8.) Believing the altercation was an attempted robbery, Hinch started to drive away. (*Id.* at 8.) As he did so, Hinch felt a sharp pain in his left arm and realized that he had been shot. (*Id*.) He learned later that the person who shot him was Officer Michael O'Connor and that the unknown man was another police officer, Officer Stutler. (*See id*. at 7-8.) Hinch asserts throughout his pleading that he did not know that O'Connor or Stutler were police officers at the time of the occurrence. (*See, e.g., id.* at 7-8, 11.) He also alleges that "any charge(s) filed against him" concerning the incident "are absolutely false and/or frivolous[.]" (*Id.* at 11.)

In fact, however, as reflected in state court records attached as exhibits to Defendant's motion to dismiss, Hinch pleaded guilty to aggravated battery arising from his encounter with Officer Stutler. (*See* Ex. B, Guilty Plea at 1, 6, [28-1] at 8, 13.) The criminal indictment charges that on November 28, 2013, Hinch

> knowingly and without legal justification made physical contact of an insulting or provoking nature with Scott Stutler, knowing Scott Stutler to be a peace officer employed by the Romeoville Police Department, engaged in the performance of

2

> his official duties, in that said defendant drove a vehicle which dragged Scott
> Stutler in violation of [720 ILCS 5/12-3.05(d)(4)(i)].

(Ex. A, Indictment at 1, [28-1] at 1.)  At the hearing at which Hinch pleaded guilty, the following facts were presented as the basis for the plea:

> On [November 28, 2013,] in Will County, Illinois, Officer Scott Stutler . . . was trying to arrest Robert Russell in the parking lot of a retail establishment.
>
> He chased after Mr. Russell who entered the vehicle in which this defendant was in the driver's seat.  Mr. Stutler reached into the vehicle.  Russell trapped his arms in the door and told Mr. Hinch to drive, which Mr. Hinch did causing Mr. Stutler to be drug [sic] throughout the parking lot.
>
> All the other officers arrived and one officer discharged his firearm in the direction of Mr. Hinch striking him, I believe, in the arm, and at that point he stopped driving, and Mr. Stutler was no longer being drug.
>
> However, in the process he had injuries to his shoulder that required extensive rehabilitation, and for approximately six months he was off work because of it, and he's still in rehab for that shoulder now.

(Ex. C, Aug. 1 Hearing at 10, [28-1] at 28.)  At the hearing, Hinch confirmed that he understood the charge against him and declined an invitation to add or change the factual basis of his plea. (Ex. C, Aug. 1 Hearing at 4, 11, [28-1] at 22, 29.)

Defendant now moves to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6).

## **DISCUSSION**

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014).  In deciding such a motion, the court presumes that the allegations in the complaint are true and views those facts—as well as any inferences reasonably drawn therefrom—in the light most favorable to the plaintiff.  *Vesely v. Armslist LLC*, 762 F.3d 661, 664-65 (7th Cir. 2014).  The court also may take judicial notice of matters of public record.  *See Wigod v. Wells Fargo Bank, N.A.,* 673 F.3d 547, 556 (7th Cir. 2012); *Palay v. United States*, 349 F.3d 418, 425 n.5 (7th Cir. 2003).  Matters of

public record include but are not limited to public court documents. *See Henson v. CSC Credit Servs.,* 29 F.3d 280, 284 (7th Cir. 1994) ("The district court properly considered the public court documents in deciding the defendants' motion to dismiss[.]").

Defendant argues that Hinch's complaint should be dismissed because it is barred by the rule set forth in *Heck v. Humphrey,* 512 U.S. 477 (1994). *Heck* precludes a plaintiff from maintaining a civil rights action if a judgment in his favor would necessarily imply the invalidity of his conviction. *Id.* at 487. Under that rule, Defendant argues, this court must dismiss Hinch's claim because Hinch now alleges that he did not know Stutler was a police officer and that he did not intentionally or knowingly drag Stutler with his vehicle. (Def.'s Mem. in Supp. of Mot. to Dismiss ("Def.'s Mem.") [28] at 6.) Accordingly, Defendant contends, "if a jury were to accept Plaintiff's version, it would have to believe that Officer O'Connor shot him as he was dragging a 'robber'—not a peace officer—with his vehicle as the 'robber's' arm was trapped inside of Plaintiff's vehicle." (*Id.*) Because Hinch's version of events is inconsistent with a valid conviction for aggravated battery to a peace officer, Defendant requests that the case be dismissed.

*Heck* holds that a plaintiff in a civil rights action may not pursue a claim for relief that implies the invalidity of a criminal conviction, unless or until that conviction has been set aside. 512 U.S. at 486-87. "A claim for damages bearing that relationship to a conviction . . . that has *not* been so invalidated is not cognizable under section 1983." *Id.* at 487 (emphasis in original). *Heck* directs the district court to "consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction" and, if so, the court must dismiss the case unless the plaintiff shows that his conviction has been overturned. 512 U.S. at 487. Hinch's conviction has not been set aside. This court must therefore determine whether Hinch's claim in this civil action necessarily implies the invalidity of his conviction for aggravated battery.

4

Hinch pleaded guilty to aggravated battery in violation of 720 ILCS 5/12-3.05(d)(4)(i). (Ex. B, Guilty Plea at 1, 6, [28-1] at 8, 13; Ex. A, Indictment at 1, [28-1] at 1.) Chapter 720, Section 5/12-3.05(d)(4)(i) of the Illinois Compiled Statutes provides that:

> A person commits aggravated battery when, in committing a battery, other than by discharge of a firearm, he or she knows the individual battered to be . . . a peace officer . . . performing his or her official duties.

In Illinois, a person commits battery if he:

> knowingly without legal justification by any means (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual.

720 ILCS 5/12-3.

Hinch's contention that he did not know Stutler was a police officer at the time he drove off with Stutler "wedged" in his car door is directly contrary to his conviction for aggravated battery of a peace officer. Any implication that Hinch's conduct was legally justified because he thought Stutler was a robber also is incompatible with the conviction. Consequently, Hinch's claim is *Heck*-barred to the extent it relies on a version of events that negates the basis of his conviction. *See, e.g., Tolliver v. City of Chicago*, 820 F.3d 237, 242-43 (7th Cir. 2016) (finding claim *Heck*-barred where plaintiff alleged facts denying his intent to batter, which was inconsistent with his conviction for aggravated battery of peace officer); *Okoro v. Callaghan*, 324 F.3d 488, 489-90 (7th Cir. 2003) (finding claim *Heck*-barred where plaintiff, who was convicted of selling drugs to an undercover officer, maintained that he tried to sell jewels, not drugs, to the officer).

The court recognizes, however, that in order to prevail on his claim here, Hinch need only show that Defendant O'Connor's conduct was unreasonable. *Graham v. Connor*, 490 U.S. 386, 395-97 (1989). To the extent that Hinch's claims are inconsistent with *Heck*, they must be dismissed, 512 U.S. at 487, but this does not require dismissal of the case in its entirety. Instead, if it is possible that a plaintiff can cure the defect in his pleading, the court will dismiss the complaint without prejudice. *See Moore v. Malone*, 652 F.3d 722, 725-26 (7th Cir. 2011)

5

(allowing the plaintiff to amend the complaint when the existing allegations make the claim *Heck*-barred).

If Hinch wants to pursue this action further, he must submit a second amended complaint alleging facts that are compatible with his conviction. If he can allege that Officer O'Connor violated his rights (either by using excessive force, or in some other fashion), he may be able to state a valid claim. Hinch should keep in mind while drafting any amended pleading that he cannot deny that he knew Stutler was a police officer, he cannot allege that his conduct was somehow justified because he thought Stutler was a robber, and he cannot assert that his conviction or the charges brought against him were fabricated or invalid. In other words, he must concede his conduct, or make allegations that are not inconsistent with that conduct, in any amended complaint. *See Gilbert v. Cook*, 512 F.3d 899, 902 (7th Cir. 2008) (explaining that "[a]n argument along the lines of 'The [officers] violated my rights by injuring me, whether or not I struck first'" is compatible with *Heck*).

## **CONCLUSION**

Defendant's motion to dismiss [27] is granted in part and denied in part. Plaintiff's motion in opposition [36] is also granted in part and denied in part. The amended complaint [9] is dismissed without prejudice. If plaintiff wants to pursue this action further, he must submit a second amended complaint that complies with this order. Plaintiff's failure to submit a second amended complaint by November 14, 2016, will result in dismissal of this case with prejudice for failure to state a claim. The Clerk is directed to send Plaintiff an amended complaint form and instructions along with a copy of this order.

ENTER:

_____
REBECCA R. PALLMEYER
United States District Judge

Dated: October 19, 2016